**Opinion issued May 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00611-CR
## NO. 01-25-00612-CR

————————————

**AARON JAROD BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1888840, 1888841**

## MEMORANDUM OPINION

Appellant Aaron Jarod Bryant was convicted of unlawful possession of a firearm by a felon and tampering with physical evidence. He challenges the sufficiency of the evidence supporting the convictions. We affirm.

## Background

Officer Page was driving a patrol car with Officer Barzilla in the front passenger seat when they stopped a Kia because one of its license plate lights was out and the car did not come to a stop before entering an intersection.

Shortly after the officers initiated the stop, before the Kia pulled over, the officers' body cameras recorded Officer Page stating, "Not sure if they just ran over something or tossed something." After stopping the Kia, Officer Barzilla looked but did not find any item that could have been tossed from the Kia, but Officer Page walked further down the road and found a black and tan handgun in front of an abandoned commercial building. Appellant was sitting in the front-passenger seat of the Kia, and the item had been tossed out the front-passenger window. The officers took Appellant into custody and learned that he was a convicted felon.

The State charged Appellant with two offenses: unlawful possession of a firearm by a felon and tampering with or fabricating evidence. A jury convicted Appellant of both offenses. Per a punishment agreement, the trial court sentenced Appellant to two years' confinement in prison for each offense, to run concurrently.

## Analysis

In a single issue, appellant contends the evidence is legally insufficient to support his convictions because "only Officer Page's speculation supports the conclusion that Aaron Bryant threw the firearm central to both [convictions]." This

2

is a challenge to the possession element of unlawful possession of a firearm and the conceal-with-intent-to-impair-availability element of tampering with or fabricating physical evidence. *See* TEX. PENAL CODE §§ 37.09(a)(1), 46.04(a).

**Standard of review**

Evidence is legally sufficient to support a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023). In reviewing sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict without substituting our judgment for the jury's. *McPherson v. State*, 677 S.W.3d 663, 664 (Tex. Crim. App. 2023); *Dunham*, 666 S.W.3d at 482. The jury is the sole judge of the credibility and weight to be attached to witnesses' testimony. *Dunham*, 666 S.W.3d at 482. "The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all the evidence or testimony proffered, and weigh the evidence as it sees fit." *Mottin v. State*, 634 S.W.3d 761, 765 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd).

**The evidence is legally sufficient**

Officer Page testified that on the night in question, he observed the Kia commit traffic violations, activated his patrol car's lights, and saw a "black and two-toned object" "thrown out the front, passenger side window" as the Kia was pulling over. Officer Page testified he saw a hand toss the item from the window,

explaining, "You could see clear as day his hand out the window and an object go out." After the Kia stopped, Officer Page observed Appellant sitting in the front passenger seat of the vehicle. Officer Page then walked down the road and found a tan and black pistol with a full magazine in the driveway of an abandoned commercial building. He testified he did not see any dirt or dust on the gun, which he would expect had it been lying in the driveway for an extended period. He also did not see damage to the gun consistent with a vehicle driving over it. Officer Page explained that he did not request the gun be fingerprinted because he "observed the firearm get thrown from the vehicle." In his investigation report, Officer Page specifically stated he saw Appellant throw the gun from the Kia.

On cross-examination, Appellant's counsel challenged the legal bases for Officer Page's decision to make the traffic stop.[1] Officer Page admitted in his trial testimony that he saw a hand toss the item from the Kia was inconsistent with his statement on the body-camera recording that he was unsure whether something was tossed from the Kia or run over by the Kia. Officer Page also agreed that, if his police report states he saw a "tan" gun tossed from the Kia, that was inaccurate because he saw a two-toned object.

On appeal, Appellant contends Officer Page's "inference" that Appellant tossed the gun from the Kia is unreasonable because of the issues raised during

---

[1] Appellant does not challenge the legality of the stop on appeal.

Officer Page's cross-examination, because it is unclear how Officer Page had a vantage point to see Appellant toss the gun, and because the gun was not admitted into evidence, making it unknown if the gun bears damage from being tossed from a moving car.

Appellant was free to, and did, argue to the jury that unknowns and inconsistencies meant Officer Page was speculating he saw Appellant toss the gun from the Kia. Similarly, the jury was free to consider and disregard that theory and to believe Officer Paige, who testified he saw Appellant toss a two-toned object from the Kia, which turned out to be a pistol. As noted above, the jury is the sole judge of a witness's credibility and may choose which parts of testimony to believe. *See Dunham*, 666 S.W.3d at 482; *Mottin*, 634 S.W.3d at 765. Although Officer Page's initial statement indicated that he was unsure if an object was tossed from the Kia or run over by the car, the jury could have credited or given more weight to his trial testimony that he saw a hand toss a two-toned object from the front passenger window shortly after the officers initiated the traffic stop—an object that was discovered to be a gun. S*ee Arrellano v. State*, 555 S.W.3d 647, 651 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (inconsistencies between witnesses' pretrial statements and their testimony did not render evidence legally insufficient). This testimony is legally sufficient to support the jury's finding that Appellant possessed the gun and tossed it out of the window with the intent to impair the gun's availability

as evidence.  *See* TEX. PENAL CODE §§ 1.07(39) (providing possession means "actual care, custody, control, or management"), 37.09(a)(1), 46.04(a).

## Conclusion

We overrule Appellant's sole issue and affirm the trial court's judgment.


Andrew Johnson
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish.  TEX. R. APP. P. 47.2(b).